# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CONSTELLIUM ROLLED PRODUCTS RAVENSWOOD, LLC,

        Plaintiff,

v.                              CIVIL ACTION NO. 2:15-cv-13438

KENNETH ROGERS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Constellium Rolled Products Ravenswood, LLC's ("Constellium") Motion for Attorneys' Fees and Costs. (ECF No. 142.) The motion is unopposed. For the reasons set forth below, the motion is **GRANTED**.

### I.    BACKGROUND

On September 24, 2015, Constellium filed a Complaint against Defendant Kenneth Rogers, its former human resources executive. Rogers, in turn, brought suit alleging race discrimination, hostile work environment, and other claims related to the termination of his employment. The actions were consolidated on June 9, 2016. By the time the consolidated case was ready for trial, one claim remained on each side: Rogers' race discrimination claim and Constellium's fraud claim. The matter was tried to a jury between May 9 and May 12, 2017. On May 12, 2017, the jury returned a verdict in Constellium's favor. The jury found "by clear and convincing evidence

that Kenneth Rogers perpetrated a fraud against [Constellium]." (Verdict Form, ECF No. 129.) As to Rogers' race discrimination claim, the jury found Constellium not liable.

Following entry of judgment on May 15, 2017, Constellium filed the pending Motion for Attorneys' Fees and Costs. Rogers' counsel moved to withdraw from the case shortly thereafter. That motion was granted on June 16, 2016 and Rogers now proceeds pro se for purposes of all post-judgment matters. On August 8, 2017, the Court entered an Order directing Rogers to respond to the Motion for Attorneys' Fees and Costs by August 28, 2017. To date, Rogers has not responded.

## II. LEGAL STANDARD

Attorneys' fees are ordinarily not a recoverable cost of litigation in the American legal system. *See Koontz v. Wells Fargo N.A.*, No. 2:10-cv-00864, 2013 WL 1337260, at *3 (S.D. W. Va. Mar. 29, 2013). However, the Supreme Court of Appeals of West Virginia has held that "[w]here it can be shown by clear and convincing evidence that a defendant has engaged in fraudulent conduct which has injured a plaintiff, recovery of reasonable attorney's fees may be obtained in addition to the damages sustained as a result of the fraudulent conduct." Syl. Pt. 4, *Bowling v. Ansted Chrysler-Plymouth-Dodge, Inc.*, 425 S.E.2d 144 (W. Va. 1992).

Calculating a reasonable attorney's fee award involves two steps. First, the district court determines a "lodestar" figure by multiplying the hours an attorney spent on the case by a reasonable hourly rate of compensation. *Koontz*, 2013 WL 1337260, at *6 (citing *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)). Second, the court may adjust the lodestar amount after consideration of the following factors:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the

attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney[s]; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*McAfee v. Boczar*, 738 F.3d 81, 88 n. 5 (4th Cir. 2013) (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)).

### III. DISCUSSION

In support of its Motion for Attorneys' Fees and Costs, Constellium has submitted the affidavit of its lead trial counsel, Christopher L. Slaughter, along with detailed invoices for professional legal services performed between September 1, 2015 and May 31, 2017.

The Court begins by determining reasonable hourly rates. The affidavit explains that Constellium is a regular client of Mr. Slaughter's law firm, Steptoe & Johnson PLLC ("Steptoe"). Steptoe is a large and respected law firm in the Charleston, West Virginia area. The legal services performed in relation to the fraud claim were billed at the regular rates assigned to Constellium, which are discounted from the firm's standard rates. As revealed by the invoices, the hourly rates ranged from $110.50 to $148.50 for paralegals, $187 to $198 for associates, $259.25 to $274.50 for of-counsel attorneys, and $170 to $314.50 for partners.[1] All told, five paralegals, one associate, one of-counsel attorney, and four partners contributed their labor to the prosecution of the fraud claim. The bulk of the hours billed were submitted by two seasoned partners, Mr.

---

[1] The hourly rates for some of these participants deviated from month-to-month. For example, the hourly rate of Cynthia J. Workman, a paralegal, ranges from $117 to $148.50. (*See* Mtn. for Attorneys' Fees and Costs Ex. A at 45, 49 (ECF No. 142-1).) Mr. Slaughter does not explain why the same employee's hourly rate would be subject to such variation except to say that rates are determined in part by the volume of work performed for the client during the year in question. (Mtn. for Attorneys' Fees and Costs Ex. B at ¶ 5 ("Slaughter Aff.") (ECF No. 142-2).)

Slaughter and Norrie C. Currens. Mr. Slaughter and Ms. Currens led the legal team from the outset and were responsible for trying the case to a favorable verdict. These attorneys typically billed $280.50 and $267.75 per hour for their services, respectively.[2] The combined attorneys' fees and costs incurred by Constellium in connection with the prosecution of its fraud claim were $98,767.45.

Steptoe's hourly rates for prosecuting the fraud claim differed from the rates for defending against Rogers' employment discrimination claims. Mr. Slaughter explains that because Rogers' claims against Constellium were insured, Steptoe charged more to prosecute the fraud claim than it did to defend against those claims asserted by Rogers. (Slaughter Aff. ¶ 5.) That is not entirely accurate. In defending against Rogers' claims, Steptoe charged an hourly rate of $100 for paralegals, $215 for associates, $230 for of-counsel attorneys, and $280 for partners. (*Id.* ¶ 4.) Looking to the rates set forth in the preceding paragraph, it is apparent that in prosecuting the fraud claim, only paralegals, of-counsel attorneys, and some partners billed at a higher rate. Associates and other partners, including Ms. Currens, charged less per hour to perform legal work on the fraud claim. The inconsistency works out to Constellium's favor, however. Steptoe's rates for defending against Rogers' claims were set at or below AIG panel counsel rates for West Virginia. (*Id.* ¶ 5.) Because the rates charged with respect to the fraud claim are generally near AIG panel rates, this supports a finding of reasonableness.

Fee awards granted in the Southern District of West Virginia also suggest that Steptoe's rates are in keeping with the hourly rates ordinarily charged by litigators in the region. *See Wellman v. Ford Motor Co.*, No. 5:15-cv-03010, 2016 WL 1056594 (S.D. W. Va. Mar. 16, 2016)

---

[2] At times, Mr. Slaughter charged as much as $297 per hour and Ms. Currens charged $283.50. (*See, e.g.*, Ex. A at 27, 53.)

(finding $250 per hour billed for preparation of a motion to remand was reasonable); *Koontz*, 2013 WL 1337260, at *23 (awarding fees at hourly rates of $375, 175, and $160 for attorneys and $100 for paralegals); *Watkins v. Wells Fargo Home Mortgage*, No. 3:08-cv-0132, 2010 WL 2486247, at *3 (S.D. W. Va. Jan. 15, 2010) (finding hourly rates of $350, $275, and $175 to be reasonable in part due to the specialized experience of the attorneys); *see also Homesteaders Life Co. v. Gatens-Harding Funeral Home, Inc.*, No. 3:15-cv-12544, 2016 WL 2343897, at *1 (S.D. W. Va. May 3, 2016) (turning to fee awards in comparable cases where plaintiffs provided insufficient evidence of the prevailing hourly rates in the market). Further, though Mr. Slaughter does not describe his experience or skill nor that of Ms. Currens, the Court observed both attorneys at trial and found them to be highly proficient advocates. Accordingly, the Court **FINDS** that Steptoe's hourly rates are reasonable.

The Court next considers the reasonableness of the hours billed. Constellium's counsel began work on this case on September 1, 2015 and submitted the last invoice for work completed on May 31, 2017. In total, Steptoe's members billed 196.45 hours, of-counsel attorneys billed 42.2 hours, associates billed 17.15 hours, and paralegals billed 89.78 hours. The number of hours appears to be reasonable given the length of the case, but several other factors are also worth mentioning. Fraud claims present unique challenges. Because claims of fraud are subject to a higher standard of proof, it stands to reason that the litigation of such claims requires more extensive investigation, greater precision, and generally more effort on the part of the legal team as compared to many other civil cases. This case is also unique because many of the circumstances giving rise to and supporting Constellium's fraud claim occurred in Texas. This case also went to trial—a rare occurrence in modern litigation. Trial preparation is enormously

time-consuming. The Court therefore **FINDS** that the hours spent on this case by Constellium's legal team were reasonable.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Constellium's Motion for Attorneys' Fees and Costs. (ECF No. 142.) The Court **ORDERS** Defendant Kenneth Rogers pay Constellium $98,767.45 in attorneys' fees and costs.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 5, 2017

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE